TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00643-CV






Kevin McGaughy, Appellant



v.



Cindy L. Lamm and Myrtle Greenfield, Appellees







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 246,732, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING







 Kevin McGaughy, proceeding pro se, attempts to appeal the county court at law's
finding that he is not indigent. We will dismiss this appeal for want of jurisdiction.


BACKGROUND



 Cindy Lamm and Myrtle Greenfield ("landlords") filed suit against their tenants
Kevin McGaughy and Sandy McGaughy seeking a judgment for possession, a writ of possession,
rent, and other costs and fees. (1) On July 13, 1999, the justice of the peace ruled in favor of the
landlords, granting them possession, $1195 in rent, $1320.43 in attorney's fees, and costs and
interest. Then began Kevin McGaughy's attempt to appeal without paying the costs of appeal.

 On July 16, 1999, McGaughy signed an affidavit of inability to pay the costs of
appeal to the county court. The landlords contested his affidavit, and the justice court set a
hearing. McGaughy apparently did not appear at the justice court's hearing. On July 20, 1999,
the justice of the peace denied the motion to proceed as a pauper, setting the appeal bond at
$5032; McGaughy gave notice of appeal to the county court regarding this denial of his affidavit. 
He alleged that he notified the landlords "by U.S. First Class Mail," and the hearing was set for
July 30, 1999. On that date, the county judge signed an order that McGaughy did not have the
ability to pay the cost bond.

 On August 6, however, the landlords moved for rehearing of the county court's
decision, claiming in sworn pleadings and by affidavit that they were never properly served with
notice of the hearing and that they never received notice of the July 30, 1999 hearing. The county
court granted the motion and set a hearing for August 30; despite notice, McGaughy failed to
appear at this hearing. Accordingly, the county court on August 30 disapproved the pauper's
affidavit and ordered him to post the $5032 cost bond. When McGaughy failed to post the bond,
the case was remanded to the justice of the peace.


DISCUSSION


 McGaughy seeks to appeal to this Court, insisting that the July 30 approval of his
affidavit was irrevocable. We have no jurisdiction over this matter, however, because the county
court did not render an appealable order. Even if we had jurisdiction, the law and the record do
not support McGaughy's position.

 We find no final, appealable order in the record. The county clerk retained none
of the record except the notice of appeal to this Court because, pursuant to Texas Rule of Civil
Procedure 143a, the county clerk returned "all papers in said cause to the justice of the peace
having original jurisdiction." Rule 143a required the justice of the peace to "proceed as though
no appeal had been attempted." This Court requested and received a record from the justice
court. There is no final judgment or order from the county court in that record, either; indeed,
we found no proceedings beyond the county clerk's notation that she was returning the record to
the justice court. We find no statute authorizing appeal to us from the county court's decision on
appeal from the justice court rejecting McGaughy's attempt to appeal without paying costs; it is
not among the list of appealable interlocutory orders. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014 (West Supp. 2000). Without a final or appealable order, we have no jurisdiction over
the appeal.

 Even if we had jurisdiction, we would not grant McGaughy's requested relief
because we find no support for his contention that the decision to allow him to appeal without
paying costs and the consequent perfection of his appeal is irrevocable. In addition to the inherent
power of courts to revisit their rulings to correct errors, county courts expressly can revisit the
ability of litigants to pay costs of appeal. See Tex. R. Civ. P. 143 ("[a] party seeking affirmative
relief may be ruled to give security for costs at any time before final judgment, upon motion of
any party, or any officer of the court interested in the costs accruing in such suit, or by the court
upon its own motion."). Though Rules 574 and 749c state that the appeal is perfected when the
affidavit is approved, Rule 143a provides that the consequence of the appellant's failure to pay
the costs of appeal after being ordered to do so is that the appeal is treated as not perfected and
the record is returned to the justice court. See id. 143a, 574, & 749c. (2) The county court ordered
the August 30 hearing upon motion, supported by an affidavit, asserting that the landlords had not
received the statutorily required notice of the original county court hearing concerning
McGaughy's ability to proceed without paying costs; lack of notice is a serious procedural flaw
that was redressed by the court's setting of a new hearing. After ordering McGaughy to pay the
costs of appeal, the county court gave him the chance to perfect his appeal by posting the bond. 
There is no record of payment, and the county clerk's notice indicates that none was made. Rule
143a mandates that his appeal be "deemed not perfected."

 Further, even if we reached the merits of the pauper's affidavit proceeding,
McGaughy would not prevail. McGaughy bore the burden of proof in the justice court to appear
at the hearing to substantiate the contested affidavit of indigency at the original hearing; in
addition, he bore the burden of proof in the county court at the Rule 143 hearing--particularly
because of the sworn allegations that he failed to provide the required notice of the previous
hearing on his affidavit. See id. 21a, 572, 749a. There is no proof in the record aside from the
affidavit that he is a pauper because, according to the county court's August 30 order, McGaughy
failed to appear for the hearing.


CONCLUSION


 Despite our belief that McGaughy could not demonstrate error on the merits of the
county court's decision, we conclude that we have no jurisdiction over this appeal. We
accordingly dismiss this appeal.

 


 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Appeal Dismissed

Filed: February 10, 2000

Do Not Publish

1. Because Sandy McGaughy, proceeding pro se, did not sign the notice of appeal, she is not
a party to this appeal. She also did not sign the affidavit of inability to pay.
2. Texas Rules of Civil Procedure 572, 573, 749a, and 749c all address how to perfect appeal
from the justice of the peace to county courts without paying the costs of appeal. Rules 572 and
573 address such appeals generally, while the 749 rules address appeals in forcible entry and
detainer cases; the substance of the rules is largely the same, with some slightly tighter deadlines
for the forcible entry and detainer cases. Originally, this was both a forcible entry and detainer
case and a suit for rent. It appears, though, that the McGaughys surrendered possession before
the judgment, leaving this a suit for rent. We will cite to both sets of rules. Rules 143 and 143a
apply to all appeals from justice courts to county courts.


ace
having original jurisdiction." Rule 143a required the justice of the peace to "proceed as though
no appeal had been attempted." This Court requested and received a record from the justice
court. There is no final judgment or order from the county court in that record, either; indeed,
we found no proceedings beyond the county clerk's notation that she was returning the record to
the justice court. We find no statute authorizing appeal to us from the county court's decision on
appeal from the justice court rejecting McGaughy's attempt to appeal without paying costs; it is
not among the list of appealable interlocutory orders. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014 (West Supp. 2000). Without a final or appealable order, we have no jurisdiction over
the appeal.

 Even